# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3797

_____

Virginia Slusser,        *
       *
           Appellant,        *
       *    Appeal from the United States
      v.           *    District Court for the
       *    District of Minnesota.
Michael J. Astrue, Commissioner        *
of Social Security,        *
       *
           Appellee.        *

_____

Submitted: October 17, 2008
Filed: March 9, 2009

_____

Before LOKEN, Chief Judge, BYE and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Virginia Slusser appeals the district court's[1] judgment denying her summary judgment motion and affirming the administrative law judge's (ALJ) finding that Slusser was no longer eligible to receive her supplemental security income (SSI) payments. She argues that substantial evidence does not exist in the record to support the ALJ's finding that she is no longer eligible to receive SSI benefits under 20 C.F.R. § 416.1339. Moreover, she alleges unlawful discrimination under § 504 of the

_____

[1]The Honorable Raymond L. Erickson, Chief United States Magistrate Judge for the District of Minnesota.

Rehabilitation Act of 1973. Because we hold that substantial evidence on the record as a whole supports the decision of the ALJ, we affirm.

## I. *Background*

Slusser, a middle-aged, mentally disabled paranoid schizophrenic, received SSI benefits based on an application for benefits filed on January 11, 1996. However, on July 12, 2001, Slusser's SSI benefits were suspended retroactively to July 1999 pursuant to § 202 of Public Law 104-193 of the Social Security Act (SSA) because she had an outstanding arrest warrant and was considered a fleeing felon. That section of the SSA, known as the Personal Responsibility and Work Opportunity Reconciliation Act, authorizes the suspension of benefits for anyone who is fleeing to avoid prosecution or who is violating a condition of probation. 42 U.S.C. § 1382(e)(4)(A); 20 C.F.R. § 416.1339(a). Authorities in Florida had issued the warrant based on Slusser's alleged violation of the terms of her community control entered into after her no contest plea to robbery and resisting arrest charges in Pinellas County, Florida, in 1993.

The warrant arose as a result of events that occurred in March 1993. Slusser was arrested in St. Petersburg, Florida, for attempting to steal the purse of an elderly woman on a city bus. She told the arresting officers that she attempted to take the victim's purse because she believed that it contained muriatic acid. Slusser physically resisted arrest and attempted to bite the arresting officer. At a preliminary hearing, she was found incompetent to stand trial and was committed to the Florida State Hospital. Three months later, she entered a plea of no contest to the attempted robbery and resisting arrest charges. The trial court sentenced Slusser to one year of community control followed by one year of probation. The court's order provided that "[w]hile on community control, you will remain confined to your approved residence except for one half hour before and after your approved employment, public service work or any other special activities approved by your community control officer."

In October 1993, Slusser violated the terms of her community control, and her probation officer advised her that an additional violation would result in a request for a warrant for her arrest. Slusser, nonetheless, departed the jurisdiction, arriving in Minnesota in February 1994. The Pinellas County Circuit Court then issued a warrant for Slusser's arrest based upon her probation officer's affidavit alleging that Slusser violated the terms of a condition of her community control.

Based on this warrant, the ALJ conducted a hearing suspending Slusser's benefits "by reason of her being a 'fugitive felon,' as that term is defined within the meaning of the Social Security Act." The ALJ found that "Felony Arrest Warrant No. 9304623 from Pinellas County, South Largo Florida, has been verified as still active against the claimant. Therefore . . . the claimant is ineligible to receive supplemental security income benefits, and consequently, her benefits were properly terminated effective July 1, 1999." Upon review, the district court affirmed the ALJ's decision, granting the Commissioner of Social Security's ("Commissioner") motion for summary judgment and dismissing Slusser's complaint with prejudice.

II. *Discussion*

Slusser appeals, arguing that the ALJ incorrectly analyzed the decision to suspend benefits under 20 C.F.R. § 416.1339(a)(3) rather than 20 C.F.R. § 416.1339(a)(2), which requires a finding that she was fleeing to avoid custody or confinement. She argues that § 416.1339(a)(2) requires an element of intent and that she lacked the mental capacity to form the intent to flee. She also argues that the Commissioner's denial of her SSI benefits was a violation of the Rehabilitation Act of 1973. *See* 29 U.S.C. § 794. We affirm.

A. *Standard of Review*

Our review of the Commissioner's denial of benefits is limited to whether the decision is "supported by substantial evidence in the record as a whole." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (internal quotations and citations omitted).

Substantial evidence exists if "a reasonable mind would find such evidence adequate." *Id*. Substantial evidence is "less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). Substantial evidence means more than a mere scintilla. *Neal v. Barnhart*, 405 F.3d 685, 688 (8th Cir. 2005). We may not reverse merely because substantial evidence may also support an opposite conclusion. *Nevland*, 204 F.3d at 857.

## B. *Substantial Evidence*

Slusser first argues that the ALJ erroneously reviewed her case under § 416.1339(a)(3) rather than § 416.1339(a)(2). Section 416.1339(a) states:

(a) Basis for suspension. An individual is ineligible for SSI benefits for any month during which he or she is—

(1) Fleeing to avoid prosecution for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the individual flees (or which, in the case of the State of New Jersey, is a high misdemeanor under the laws of that State); or

(2) Fleeing to avoid custody or confinement after conviction for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the individual flees (or which, in the case of the State of New Jersey, is a high misdemeanor under the laws of that State); or

(3) Violating a condition of probation or parole imposed under Federal or State law.

We note that the ALJ's opinion does not reflect whether it specifically applied § 416.1339(a)(2) or § 416.1339(a)(3). The opinion relies largely on the uncontested fact that a valid arrest warrant had been issued by a court of competent jurisdiction based upon Slusser's violation of conditions of her community control. The ALJ reviewed the facts, including Slusser's statements indicating she purposely left Florida

knowing her departure was contrary to her duty to obey the conditions of her community control. Although the better course would have been for the ALJ to make specific findings with respect to §§ 416.1339(a)(2) and (3), their absence does not eliminate substantial evidence in support of the conclusion of ineligibility under the statute.

When Slusser left Florida in February 1994 and moved to Minnesota, a warrant was issued for her arrest. A Florida circuit judge issued the warrant because Slusser had violated a term of her community control requiring her to remain confined to her approved residence. Slusser had been sentenced to one year of community control followed by one year of probation after her guilty plea. Whether she is considered in violation of community control or in violation of probation, Slusser has not shown that her noncompliance, by leaving and remaining away, was not "knowing" and "volitional" at the time. During the ALJ hearing, Slusser acknowledged that she knew that leaving Florida was in violation of the terms of her community control and that she had no intention to return to Florida. While we might conclude differently if we were in the ALJ's position, we are not and, therefore, hold that substantial evidence supports the ALJ's conclusion.

C. *Rehabilitation Act*

Slusser also argues that because the Commissioner disqualified her on the basis of her disability, the Commissioner violated the Rehabilitation Act. We disagree and therefore affirm. The Rehabilitation Act of 1973 provides, in relevant part, as follows:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). We have defined "an otherwise qualified person" as "one who is able to meet all of a program's requirements in spite of his handicap." *Falcone v. Univ. of Minn.*, 388 F.3d 656, 659 (8th Cir. 2004). Slusser alleges that her mental illness prevents her from complying with the terms of her sentence. As a result, Slusser argues that because she has been denied benefits on this basis, the Rehabilitation Act has been violated. But Slusser fails to show that her benefits were suspended based solely on her disability. *See Amir v. St. Louis Univ.*, 184 F.3d 1017, 1029 n.5 (8th Cir. 1999) (stating that the Rehabilitation Act "imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff") (emphasis in original). Moreover, Slusser cannot show that she is "otherwise qualified" to receive benefits. The record shows that Slusser's SSI was suspended because she violated the terms of her community control, and the ALJ also found that she had not shown that the violation occurred because of her disability. As stated by the district court, Slusser was not able to produce evidence beyond conjecture that she was incapacitated at the time she departed Florida and incapable of conforming her behavior to the conditions of her community control. *See* Part II.B., *supra.* Therefore, because she is not "otherwise qualified" to receive benefits, we affirm the decision of the ALJ.

## III. *Conclusion*

Accordingly, we affirm the district court's judgment.

_____